UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KYLE GARRET SOTO,<br><br>Defendant. | 5:18-CR-50050-01-KES<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL |

Defendant, Kyle Garret Soto, filed a Rule 29 motion for judgment of acquittal after a jury found him guilty on April 16, 2021, of all fifteen counts in the fourth superseding indictment. Docket 187. The United States opposes the motion. Docket 190. For the following reasons, the court denies Soto's motion.

**BACKGROUND**

In a fourth superseding indictment, a grand jury charged Soto with fifteen counts. Docket 152. Counts 1, 5, 7, and 11 charged Soto with sexual exploitation of a minor. *Id.* Counts 2 and 9 charged Soto with attempted sexual exploitation of a minor. *Id.* Counts 3, 6, 8, 10, and 12 charged Soto with enticement of a minor using the internet. *Id.* Count 4 charged Soto with attempted enticement of a minor using the internet. *Id.* Counts 13 and 14 charged Soto with receipt of child pornography. *Id.* Count 15 charged Soto with possession of child pornography. *Id.* The conduct alleged in the fourth superseding indictment involved numerous minor victims: W.S., K.A., N.W., A.C., A.R., and "Star Pants." *Id.* A jury trial began on April 12, 2021. Docket

173 at 1. The United States rested on April 16, 2021. *Id.* at 3. Soto rested shortly thereafter. *Id.*

At the close of evidence, before the jury began deliberating, Soto made an oral motion for judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure. The United States orally opposed the motion and the court denied Soto's motion for judgment of acquittal. The jury began deliberating and returned a verdict of guilty on all counts the afternoon of April 16, 2021. *Id.*; *see* Docket 178.

## DISCUSSION

### I. Legal Standard

Rule 29 allows convicted defendants to file a motion for judgment of acquittal after a jury returns its verdict. Fed. R. Crim. P. 29(c)(1). The court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The jury verdict "must be upheld 'if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.' " *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018) (quoting *United States v. Taylor*, 813 F.3d 1139, 1146 (8th Cir. 2016)). The Rule 29 standard is " 'very strict' and a jury's verdict should not be overturned lightly." *United States v. Boesen*, 491 F.3d 852, 855 (8th Cir. 2007) (quoting *United States v. Ellefson*, 419 F.3d 859, 862 (8th Cir. 2005)).

The essential elements of the crimes for which the defendant was found guilty may be proven by circumstantial or direct evidence. *United States v.*

*Baker*, 367 F.3d 790, 797 (8th Cir. 2004). "Th[e] court views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *Boesen*, 491 F.3d at 856 (citing *United States v. Water*, 413 F.3d 812, 816 (8th Cir. 2005)). "[T]he district court is not to weigh the evidence or assess the credibility of witnesses[]" but rather is to evaluate the evidence in the light most favorable to the government to determine if a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Baker*, 367 F.3d at 797.

## II. Whether Sufficient Evidence Exists to Sustain the Guilty Verdicts

### A. Counts 9, 10, 11, and 12

Count 9 charges attempted exploitation of a minor. Docket 152 at 5. Count 11 charges sexual exploitation of a minor. *Id.* at 6. Counts 10 and 12 charge enticement of a minor using the internet. *Id.* at 6. Enticement of a minor using the internet in violation of 18 U.S.C. § 2422(b) requires that the United States prove beyond a reasonable doubt that Soto persuaded, enticed, or coerced an individual under the age of 18 to engage in sexual activity for which he could be charged with a criminal offense. 18 U.S.C. § 2422(b). Attempted sexual exploitation of a minor and sexual exploitation of a minor require the United States to prove beyond a reasonable doubt that Soto "employ[ed], us[ed], persuad[ed], induc[ed], entic[ed], or coerc[ed] any minor to engage in . . . any sexual explicit conduct for the purpose of producing any visual depiction of such conduct . . . ." *United States v. McCloud*, 590 F.3d 560, 566 (8th Cir. 2009); *see also* 18 U.S.C. § 2251(a).

3

Soto argues that "there was no evidence offered by the Government that could have established beyond a reasonable doubt that the alleged victims [in Counts 9, 10, 11, and 12] were, in fact, minors . . . ." Docket 187 at 1. Soto argues that no reasonable jury could conclude beyond a reasonable doubt that the victims charged in Counts 9 and 10, A.R., and counts 11 and 12, "Star Pants," were minors. Docket 187 at 1. The court disagrees.

As to A.R., the United States introduced numerous email chats between Soto and A.R. in which A.R. repeatedly informed Soto that she was a minor. Docket 184-1 at 104, 106, 110. In the email exchanges, Soto continued to request sexual photos from A.R. after she told him she was a minor. Docket 184 at 109. The United States introduced three photographs of A.R.: two illicit images and an image of A.R. clothed, holding up three fingers, with a social media filter applied to her face. *See* Docket 180 at 6 (exhibit list showing that two restricted images of A.R. were introduced); Docket 184-1 at 115 (non-illicit photograph of A.R.). The photographs showed A.R.'s hands, face, and neck. The jury could reasonably infer that A.R. was telling the truth when she informed Soto she was a minor and could reasonably infer from her appearance that she was a minor. A reasonable jury could thus conclude beyond a reasonable doubt that A.R. was a minor. Soto's motion for judgment of acquittal as to Counts 9 and 10 is denied.

As to "Star Pants," the United States introduced a video at trial that showed portions of "Star Pants's" body and face and her clothes and bedroom. *See* Docket 180 at 6 (exhibit list showing that restricted video of "Star Pants"

was introduced); Trial Transcript Vol. III at 168-70 (transcript of Brian Freeouf identifying the video and the video being shown to the jury). The video showed that "Star Pants" had minimal pubic hair and breast development. It also showed that "Star Pants" appeared to be wearing children's clothing. The video showed "Star Pants" in a bedroom containing children's furniture, art, and decoration. While the United States did not introduce evidence that "Star Pants" told Soto her age, a reasonable juror could conclude beyond a reasonable doubt from her physical appearance, clothing, environment, and demeanor that she was under the age of 18. Thus, Soto's motion for judgment of acquittal as to Counts 11 and 12 is denied.

    B.    **Counts 13 and 14**

Counts 13 and 14 of the Fourth Superseding Indictment charge Soto with receipt of child pornography in violation of 18 U.S.C. 2252A(a)(2)(A). Docket 152 at 6-7. Soto argues that because the United States "was unable or unwilling to actually operate [Soto's] phone, it could not be established beyond a reasonable doubt that [Soto] could or did access" the Dropbox and Google Drive accounts in which child pornography was found. Docket 187 at 1.

18 U.S.C. § 2252A(a)(2)(A) applies to anyone who "knowingly receives or distributes any child pornography using any means or facility of interstate or foreign commerce . . . including by computer . . . ." Section 2252A(a)(2)(A) does not require that the United States prove beyond a reasonable doubt that the defendant used a specific device when receiving child pornography. And for purposes of a Rule 29 motion, the essential elements of the crimes may be

5

proven by circumstantial or direct evidence. *Baker*, 367 F.3d at 797. Thus, a jury may conclude beyond a reasonable doubt based on circumstantial evidence that Soto received child pornography, whether or not the United States accessed his cell phone.

Count 13 related to child pornography that Soto received in his Dropbox account, which was labeled as belonging to "Jessica Smith." Docket 152 at 6-7. The United States presented evidence at trial that the Jessica Smith Dropbox account was accessed from Soto's cell phone. Docket 184 at 198. The United States also presented evidence that several photographs of an individual referred to as "Pirate Flag" were present on both his cell phone and in the Jessica Smith Dropbox account. *See* Docket 184 at 195-196 (image of "Pirate Flag" and metadata showing the image was found on the Samsung cell phone that was on Soto's person when he was arrested); Docket 180 at 8 (description of restricted exhibits 78-78B describing images of child pornography found on Jessica Smith Dropbox account). The United States introduced evidence showing that certain images found in the Jessica Smith Dropbox account show an individual who was wearing shorts that appeared to be identical to those Soto was wearing when he was arrested. *See* Docket 184-1 at 122-23, 127-28. A reasonable jury could have concluded that Soto controlled the Jessica Smith Dropbox account based on the evidence that the account was accessed on his cell phone, that he was depicted in some of the images on the account, and that some of the images on the account were also present on his cell phone. Thus, a reasonable jury could have concluded beyond a reasonable doubt that

6

Soto knowingly received the images of child pornography found on the Jessica Smith Dropbox account. The motion for judgment of acquittal as to Count 13 is denied.

Count 14 related to child pornography that Soto received via his email and corresponding Google Drive account. Agent Brian Freeouf testified at trial that Google Drive is a cloud-based service that allows the owner of a corresponding Gmail account to save videos, pictures, and documents that the user can then access from any phone or computer using the Google Drive application. Trial Transcript Vol. II at 113-114. The United States introduced evidence that the Shane118@gmail.com address was repeatedly logged into at IP addresses associated with Soto's wife's internet account. Docket 184 at 5-9, 185-86. The United States also introduced an email in which the owner of the Shane118@gmail.com account directed the person with whom they were corresponding to text the cell phone number that Soto was using at the time. Docket 184-1 at 145. Attachments to the emails in the Shane118@gmail.com account contained references to individuals calling the owner of the account "lish1586." *See* Docket 184-1 at 149. Freeouf testified at trial that the "1586" referred to Soto's birthday, September 15th, 1986, Soto's brother testified that "Lish" was a nickname Soto used, and Soto's primary email address was Lish1586@gmail.com. Trial Transcript Vol. II at 133; Docket 184-1 at 163. The United States also introduced an image of a girl holding a sign that said "Aria Rose 2015," the name and birth year of Soto's daughter. Docket 184-1 at 139. A photograph of Soto's face was included in an email attachment from

7

Shane118@gmail.com to W.S., a minor victim. Docket 184 at 49. The image was also found on Soto's phone. Docket 184 at 50-51.

The United States introduced numerous images and videos of child pornography that were found in the Shane118@gmail.com email and Google Drive account. *See* Docket 180 (describing exhibits 9A-9C, 45-45D, and 64, images of child pornography introduced at trial). The Shane118@gmail.com account also contained chats where Soto solicited and received child pornography from W.S. *See* Docket 184 at 32; Docket 180 at 1 (describing exhibits 6-6B, pornographic images of W.S.).

A reasonable jury could conclude beyond a reasonable doubt that Soto was the owner of the Shane118@gmail.com email and Google Drive accounts because Soto's photograph, also found on his cell phone, was sent from the account, the photograph attachments referencing "Aria Rose 2015" and "Lish1586" were located in the account, and Soto's cell phone number was referenced in conversations in the account. Based on Freeouf's testimony about the nature of the Gmail and Google Drive accounts, the jury could reasonably conclude beyond a reasonable doubt that Soto had control over the account and that he received the images of child pornography found in the account as attachments and in the Google Drive. Thus, Soto's motion for judgment of acquittal as to Count 14 is denied.

### C. Counts 1-8 and Count 15

Soto provides no argument or basis for his assertion that there is insufficient evidence to sustain a conviction on Counts 1-8 and Count 15 of the

8

fourth superseding indictment. *See* Docket 187 at 1. The court viewed the evidence presented at trial and concludes that a reasonable jury could have found beyond a reasonable doubt that Soto was guilty of Counts 1-8 and Count 15 of the fourth superseding indictment. Thus, the motion for judgment of acquittal is denied as to Counts 1-8 and Count 15.

## CONCLUSION

Defendant's Rule 29 motion is denied. A reasonable jury could have found Soto guilty beyond a reasonable doubt based on the evidence presented at trial. Thus, it is

ORDERED that defendants' Rule 29 motion (Docket 187) is denied.

Dated June 2, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE